## JENKINS v. WHEELER.

[No. 1 of this name.]

December, 1867.

Affirming 4 *Robt.* 575.

In an action on a contract for services, to recover compensation for part performance, the objection that the contract was entire, so that full performance must be shown, if not taken at the trial, is not available to defendant on appeal.

Where a master of a ship was engaged for the outward and return voyage, at a monthly compensation, and in consequence of unseaworthiness he abandoned the voyage at an intermediate port, and abandoned the ship to the insurers, he cannot recover wages for the time subsequent to his ceasing actually to serve as master.

Oliver N. Jenkins (for whom, on his death pending the action, Catherine A. Jenkins, administratrix, was substituted as plaintiff), sued David E. Wheeler, in the New York superior court, to recover for services rendered under a contract. Jenkins was engaged by one Anthony Pelletier to take charge of the bark Peytona, on her contemplated voyage from New York to Australia; and on February 8, 1853, entered into a contract signed by defendant (in whose name the title to the bark stood), substantially as follows: Jenkins agreed to take charge of the bark, then lying in the port of New York, for her voyage to Australia and return to New York, according to instructions given him by Anthony Pelletier, and to use his best efforts for the interest of the bark and its owners. And defendant agreed to pay Jenkins for his services, one hundred and fifty dollars for each and every month of the outward and return voyage.

Pelletier, and Overman & Gruner owned the bark, and were the only persons beneficially interested in her voyage, the sole control of which was assumed by Pelletier.

On the trial, the defendant offered to prove that he signed the agreement with Jenkins for Pelletier, and Overman & Gruner solely, on whose behalf he held the naked legal title to the bark; that Jenkins, in making the agreement, gave credit to,

and relied upon, the responsibility of said Pelletier, Overman & Gruner, and not upon that of defendant. To this evidence plaintiff's counsel objected, and it was excluded.

It appeared that the bark sailed from New York soon after the date of the agreement, but was compelled, in the judgment of the master, to put into the port of Bahia, South America, by reason of shortness of water; and again, for want of water and fresh provisions, after leaving Bahia, to put into Cape Town, on the coast of Africa; and after leaving Cape Town, having encountered heavy winds, and lost her rudder, and being in a leaky condition, to put into Port Louis, on the Island of Mauritius, where she arrived August 16, 1853. On September 8, following, she was abandoned to the underwriters by the captain, and advertised for sale; and the further voyage was then abandoned.

The judge charged the jury that plaintiff was entitled to recover of defendant one hundred and fifty dollars a month, from February 8, 1853, to November 25, 1853, and for such further time as would be reasonably required for Jenkins to return to New York from Mauritius, by the first usual mode of conveyance that presented itself after November 25, 1853, with interest on the aggregate amount from February 14, 1855; unless the voyage was broken up through the unskillfulness, negligence, fault or fraud of Jenkins, in which event defendant was entitled to a verdict; or unless some damage had accrued to defendant from the fault, negligence, unskillfulness or fraud of the captain in the line of his duty.

The jury found for plaintiff, five thousand two hundred and eighty-five dollars, being monthly wages up to October 11, 1854, the time of arrival in New York, and interest thereon from February 14, 1855. The judgment entered was affirmed, at general term, after deducting from it the amount allowed for wages from May 27, 1854, to October 11, 1854, amounting to six hundred and seventy-five dollars, with interest from February 14, 1855, amounting in all to one thousand one hundred and ninety-five dollars and fifty-three cents.

*J. W. Edmonds*, for defendant, appellant.

*C. N. Black*, for plaintiff, respondent.

Jenkins *v.* Wheeler.

DAVIES, Ch. J.—[The learned judge, after stating the facts, and reviewing Van Bokelin *v.* Ingersoll, 5 *Wend.* 315; Macy *v.* Wheeler, 30 *N. Y.* 231; McMillan *v.* Vanderlip, 12 *Johns.* 165; Reab *v.* Moor, 19 *Id.* 337; Webb *v.* Duckingfield, 13 *Id.* 390; Burrill *v.* Cleeman, 17 *Id.* 72; Smith *v.* Brady, 17 *N. Y.* 173; Cunningham *v.* Jones, 20 *Id.* 486; Baker *v.* Higgins, 21 *Id.* 397; Oakley *v.* Morton, 11 *Id.* 25; Harmony *v.* Bingham, 12 *Id.* 99; Tompkins *v.* Dudley, 25 *Id.* 272; Adams *v* Nichols, 19 *Pick.* 275, expressed the opinion that the contract of the plaintiff's intestate with the defendant was for the round voyage, and an entirety; and that the compensation, therein specified, was to be made on its performance; that such performance was a condition precedent, and no action could be maintained until such performance had taken place; unless the party, upon whom such performance rested, established a valid and legal excuse for such omission or non-performance; that none such had been shown in this case, and, as a consequence, neither the plaintiff nor her intestate was entitled to claim such compensation. The majority of the court not concurring in this view, the opinion concluded as follows:]

The majority of the judges, are, however, of the opinion, that this point was not raised upon the trial of this action, and therefore, is not now available to the defendant. But they are of the opinion, that the exception to the charge, as to the time for which wages were recoverable, if recoverable at all, that they could not be recoverable for a longer period than from the inception of the contract sued on, to the breaking up of the voyage, presents the question distinctly, for what period of time the plaintiff is entitled to recover the wages of the captain, from the defendant. This court is of the opinion, that such recovery must be confined to the period during which Captain Jenkins performed the services as master, namely, from the time of the inception of the voyage on February 8, 1853, to the date of its abandonment and breaking up, September 8, 1853.

The judgment appealed from is therefore affirmed, without costs of this appeal, if the plaintiff elects and consents to deduct all allowances for wages after September 8, 1853, and interest thereon included in the judgment. If she does not so elect and consent, within twenty days after notice of this judgment, then

the said judgment is reversed, and a new trial ordered, costs to abide the event.

All the judges concurred in this conclusion.

Judgment, if plaintiff accepts the above terms, affirmed; otherwise reversed and new trial ordered, costs to abide event.